**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:19-cr-00018 |
| v. | MEMORANDUM OPINION & ORDER |
| LARRY VERNON SNOW & BRYANT AUSTIN SNOW, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Before the Court is Larry Snow's motion for nine subpoenas duces tecum directing various state and local officials to turn over all information relating to their involvement in criminal proceedings against Person A, the alleged victim in this case, Dkt. 249-1. The motion will be denied. Larry's explicit objective is to collect material on an issue of negligible or no relevance and that has a high likelihood of misleading the jury.

I.

Larry Snow seeks to subpoena: (1) the Custodian of Records of Probation and Parole District # 26 in Culpepper, Virginia; (2) the Custodian of Records of Offender Aid and Restoration in Orange, Virginia; (3) the Chief of the Albermarle County Police Department; (4) the Albermarle County Commonwealth's Attorney; (5) the Sheriff of Greene County; (6) the Greene County Commonwealth's Attorney; (7) the Sheriff of Orange County; (8) the Orange County Commonwealth's Attorney; and (9) the Blue Ridge Drug and Task Force. Dkt. 249-1. Each of the proposed subpoenas seek, "for the period of July 1, 2016, to the date on which you

produce the documents called for by this subpoena, all documents . . . in any form . . . pertaining to [Person A] concerning or in connection with" various specified criminal matters. *Id*. The Sheriff and Commonwealth's Attorney in Greene County are also ordered to turn over for "all documents . . . in connection with any financial payments, or proposed or requested payments, to [Person A]."

Person A is a confidential informant who aided law enforcement in an investigation against Bryant Snow, Larry Snow's son and co-defendant. Larry Snow faces trial in this case for, among other things, conspiring with his son to retaliate against Person A.[1]

## II.

It is well-settled that "a defendant seeking a Rule 17(c) subpoena 'must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (alteration original) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)). These requirements reflect the "fundamental concern . . . that the subpoena duces tecum is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply to 'expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials.'" *United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) (quoting *Nixon*, 418 U.S. at 689–99).

The Court finds that the information sought would not be admissible for any of the reasons identified by Larry. Foremost in Larry's latest filing is his insistence that the subpoenaed information would be relevant to "make sense of the consideration afforded to [Person A]", Dkt.

---

[1] For a more detailed recitation of the factual allegations in this case, see the Court's earlier memorandum opinion at Dkt. 229 pp. 1–3.

253 p. 6, and to determine "who made that decision, or those decisions, and why," *id*. at 8. *See also id*. at 1 (stating that Larry's "aim is to command the production of documents that provide the manner in which and the reasons for the extremely lenient and forbearing manner in which various law enforcement agencies[] and law enforcement related agencies dealt with the criminal behavior of [Person A].").

The propriety of law enforcement's conduct toward Person A is at best only minimally relevant to the issues in this case. Neither Person A nor law enforcement is on trial. Moreover, any potential relevance is substantially outweighed by the danger that such evidence might be used to divert the jury's attention to the wrongdoing of others—a danger, coincidentally, that is threatened by the arguments in the briefing. *See* Fed. R. Evid. 403. The fact that the Snows may have had really good reason to resent Person A does not absolve them of liability for the crimes they are charged with.

Despite disavowing any purpose to "obtain personal or confidential information" about Person A, Dkt. 253 p. 1, Larry also argues that the information produced "may" be relevant to impeach him should he take the stand, Dkt. 246 p. 6. Larry's briefs display an impressive body of evidence tending to show that Person A received "favorable treatment" from law enforcement. *See* Dkt. 246 pp. 8–9; Dkt. 253 pp. 2–6. Larry himself acknowledges that "there is no shortage of such evidence in this case." Dkt. 253 p. 8. In as much as the pursuit of impeachment evidence is a permissible ground for a Rule 17(c) subpoena, *but see Nixon*, 418 U.S. at 701, Larry already has sufficient evidence of bias.[2] Absent a more specific request, the Court has no reason to believe that additional evidence would be anything but cumulative.

---

[2] Larry has not identified any particular document or expectation that the requested subpoenas will produce an inconsistent statement or more powerful evidence of bias. In as much as he may simply be hoping something along these lines will turn up, district courts have an

Larry next argues that the information could be used to "bolster the credibility" of Larry's claimed motive for distributing a campaign leaflet mentioning Person A. Specifically, that Larry's intention was not to retaliate against Person A but to express his political opinion that the incumbent Sheriff's practice of showing leniency toward those who aid in investigations is a good reason not to vote for him. *See* Dkt. 246 pp. 7–8. Again, however, Larry already has abundant evidence of favorable treatment toward Person A. More fundamentally, the information sought cannot show Larry's state of mind at the time he distributed the leaflet if it is information Larry did not know at the time he distributed the leaflet. And if Larry seeks to corroborate of information he did know, he should describe it with more specificity in the subpoena.

Finally, in his reply brief Larry argues that the subpoenaed information would be relevant to undermine the Government's argument that the Snows' sought to "out" Person A as a confidential informant because it would show that Person A was already widely known to be working with the police. Dkt. 253 p. 9. Yet again, however, information that is widely known could be described with greater specificity.[3]

\* \* \* \*

Defendant's motion for issuance of subpoenas duces tecum, Dkt. 249, is **DENIED**. It is so **ORDERED**. The Clerk of Court is hereby directed to send a copy of this Order to the parties.

ENTERED this __31st__ day of March 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

obligation to prevent Rule 17(c) motions from being used by a defendant "fishing for evidence that might support his theory, as if he were in the discovery phase of a civil action. *Richardson*, 607 F.3d at 368.

[3] Larry also raises a Sixth Amendment argument based on *Wardius v. Oregon*, 412 U.S. 470 (1973). Dkt. 246 pp. 11–13. However the holding in that case specifically concerned enforcement of alibi rules, *id*. at 472, which are not at issue here.