**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:19-cr-00018 |
| v. | MEMORANDUM OPINION |
| BRYANT SNOW & LARRY SNOW | JUDGE NORMAN K. MOON |
| *Defendants.* | |

On September 8, 2021, the Court issued its decision that Larry Snow's alleged use of a Virginia Department of Motor Vehicles database to obtain the name of a government informant fell within the ambit 18 U.S.C. § 1028(a)(7). *See* Dkts. 157, 158. This criminal statute proscribes the unauthorized transfer, possession, or use of "the means of identification of another person . . . in connection with, any unlawful activity."[1] Now pending is a subsequent motion to dismiss, in which Larry urges that application of § 1028(a)(7) to his alleged conduct would violate the canon

---

[1] 18 U.S.C. § 1028(a)(7) provides that whoever

> knowingly transfers, possesses, or uses without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law
>
> . . .
>
> shall be punished [if the means of identification is transported in the mail. *See id*. § 1028(c)(3)(B)].

of construction permitting courts to look beyond the unambiguous meaning of a statute's text when failing to do so would produce an absurd result.

Specifically, Larry argues that it would be absurd to read the term "any" in the phrase "any unlawful activity" to include criminal prohibitions unrelated to fraud or identity theft. Larry insists that this exceptional understanding of "any" is required by three facts: (1) the statute's placement within a group of provisions targeting fraud and identity theft, (2) that it appears to have been understood by members of Congress to have its application there, and (3) that the provision has, as of yet, only been used by the Government in prosecutions for fraud and identity theft.

Larry again misapprehends the rules of statutory interpretation. The absurdity doctrine comes into play only where the literal, straightforward reading of a statute is discordant or ridiculous on its face. If an appeal to Congressional expectations or prosecutorial practice is necessary to show some incongruity, the absurdity doctrine is out of the question. *See Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 304 (4th Cir. 2000) (explaining that "if a literal reading of a statute produces an outcome that is demonstrably at odds with clearly expressed congressional intent to the contrary or results in an outcome that can truly be characterized as absurd, *i.e.*, that is so gross as to shock the general moral or common sense, *then* we can look beyond an unambiguous statute and consult legislative history to divine its meaning. But, such instances are, and should be, exceptionally rare.") (cleaned up) (emphasis added).

There is nothing, on its face, that is absurd about a statute that prohibits the unauthorized use of personal identifying information—in this case, vehicle identification numbers—to violate a separate criminal statute—in this case, 18 U.S.C. § 2722(a), which prohibits unlawfully obtaining and disclosing personal information (here, the name of the vehicle's owner) from a

motor vehicle record. Nor is there anything "demonstrably at odds with clearly expressed congressional intent" or "so gross as to shock the general moral or common sense" about finding such a statute situated within a group of provisions of much narrower scope.

That some or all members of Congress who voted on the language of § 1028(a)(7) might not have anticipated its application outside of prosecutions for fraud is simply not relevant. "The fact that a statute has been applied in situations not expressly anticipated by Congress does not demonstrate ambiguity; instead, it simply demonstrates the breadth of a legislative command." *Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731, 1749 (2020) (cleaned up). *See also* A. SCALIA & B. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 238 (2012) ("The [absurdity] doctrine does not include substantive errors arising from a drafter's failure to appreciate the effect of certain provisions.").

Nor does Larry's argument from past practice add anything. That the Government has, up to now, not thought or had occasion to invoke this provision outside of prosecutions for fraud has no more interpretive significance than what members of Congress thought to say on the House floor. Indeed, it is entirely unremarkable. Most criminal defendants who set out to harass a government informant do not have access to a government database.

In its previous opinion, the Court acknowledged the peculiarity of placing a statute with such broad applications within a series of provisions otherwise addressing the particular unlawful activities of identity theft and fraud. Dkt. 157 p. 9. But something that "may seem odd . . . is not absurd." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 565 (2005) *See also Lara-Aguilar v. Sessions*, 889 F.3d 134, 144 (4th Cir. 2019) ("However, a statutory interpretation that produces surprising or anomalous results is not the same as one producing *absurd* results.").

Larry's motion for leave to file, Dkt. 255, will be granted. But, in accordance with the foregoing analysis, his second motion to dismiss, Dkt. 256, will be denied.

\* \* \* \*

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this __3rd__ day of May 2022.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE